FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 0 5 2009 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

)
**UNITED STATES OF AMERICA,** )        **01-CR-922**
)
     **-against-** )    **Statement of Reasons Pursuant to**
)        **18 U.S.C. § 3553(c)(2)**
)
**MICHAEL MCMILLAN** )
)
         **Defendant.** )
)

**JACK B. WEINSTEIN, Senior United States District Judge:**

This statement is issued pursuant to the order of the Court of Appeals for the Second

Circuit filed October 22, 2009.

Under 18 U.S.C. § 3553(c), a sentencing court must "state in open court the reasons for

its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not

of the kind or is outside the range of the sentencing guidelines as referred to in 18 U.S.C. §

3553(a)(4), the court must state the specific reasons for imposing a sentence different from the

guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the

written order of judgment and commitment." Id. Even though the mandatory nature of the

guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S.

220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18

U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific

statement explaining why the guidelines range did not account for a specific factor or factors

under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a

statement should demonstrate that the court "considered the parties' arguments and that it has a

reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera,



1

550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted).

On August 12, 2002, McMillan was convicted after a five-week jury trial of counts one, two and eight of an eight-count superseding indictment. Count one charged him with four racketeering acts in violation of 18 U.S.C. § 19629(c): (1) conspiring with others to distribute and to possess with intent to distribute cocaine base ("crack") and cocaine in violation of sections 846 and 841 (a)(1) of Title 21 of the United States Code; (2) conspiring with others to cause the death of members of a rival gang in violation of sections 125.25 and 105.15 of the New York Penal Law; (3) conspiring with others to cause the death of Lanny Dillard in violation of sections 125.25(1) and 20,00 of the New York Penal Law; and (4) attempting to cause the death of Barry Hall in violation of sections 125.25(1), 110,00 and 20.00 of the New York Penal Law.

Count two charged McMillan and other members of a criminal enterprise of conspiracy with conducting and participating in the conduct of the affairs of the criminal enterprise through racketeering acts in violation of 18 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). The murder guideline with a base offense level of 43 applied to McMillan's conviction for the racketeering (count one) and racketeering conspiracy (count two) charges. This base offense level of 43 applied without regard to the guidelines relating to the quantity of crack and cocaine involved in the crimes. The first degree murder guideline applied to McMillan's conviction for the narcotics distribution conspiracy (count eight) because the murder of Dillard was in furtherance of the narcotics conspiracy. The total offense level was calculated at 45 and the criminal history category at VI.

McMillan was sentenced to life imprisonment pursuant to the applicable guidelines.

McMillan challenged the sentence based upon Blakely v. Washington, 524 U.S. 296 (2004). The Court of Appeals for the Second Circuit remanded the case "for further proceedings

2

in conformity" with the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005) and <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005) <u>See</u> <u>United States v. Lugo</u>, 125 Fed. Appx. 358 (2d Cir. 2005).

McMillan was resentenced on September 8, 2005. Reaffirmed was the earlier determination of the guidelines calculation, which called for a life sentence. McMillan was then sentenced to a reduced non-guideline sentence of 30 years imprisonment, a period of supervised release of five years, and a special assessment of $300. No fine was imposed since the defendant would not be able to pay a fine.

By order dated January 25, 2008, the government was asked to show cause why Michael McMillan should not be resentenced in light of the amendments to the United States Sentencing Guidelines ("U.S.S.G") § 2D.1; U.S.S.G. § 1B1.10 (policy statement). A non-evidentiary hearing was held on March 4, 2008. McMillan participated via telephone. An order denying resentencing was entered since the motion had no merit.

McMillan appealed from the court's September 8, 2005 sentence. The Court of Appeals for the Second Circuit affirmed, but remanded for written statement of reasons for the sentence. 18 U.S.C. § 355(c)(2). The reasons are as follows:

McMillan was sentenced to a non-guideline sentence of 30 years imprisonment after consideration of each of the factors enumerated in 18 U.S.C. § 3553(a). *See* Order dated March 17, 2008, Docket Entry No. 485 at 2.

Respectful consideration was given to each of the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and <u>Booker</u>.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offenses were serious ones. The victim was killed in the presence of his wife—the culmination of an attempt of considerable length to hunt the victim down, with weapons being fired at others during what amounted to retaliatory gang war.

The defendant's background was somewhat deprived, though not substantially different from that of a large portion of the population that does not get involved in such crime. This factor did not bear substantially on the sentence.

The defendant's statement that he had matured and had obtained some ethical guidance through religion was accepted. Under these circumstances, a sentence of 30 years imprisonment reflects the seriousness of the offense, would promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement with gangs and gang-related crimes will result in a substantial prison sentence.

Specific deterrence is achieved through incapacitation of less than life imprisonment. By the time the defendant is released he will be in an age group not prone to violence.

Jack B. Weinstein
Senior United States District Judge

Dated: November 3, 2009
       Brooklyn, New York

4